## Case No. 6,236.

### HAWES v. COOK et al.

[5 O. G. 493; Merw. Pat. Inv. 244.]

Circuit Court, N. D. New York. July 9, 1873.

PATENT—WANT OF NOVELTY — WHO LIABLE FOR USE OF PATENT.

1. A hotel register in which the side margin is occupied with printed advertisements, while the middle is left vacant, to be filled from day to day with the names of guests, is the proper subject, if new, of a valid patent.

2. The objection that the patent should be for a design, or that the book should be copyrighted, overruled.

3. A claim for a "hotel register with the margin of its leaves occupied with advertisements," &c., held not to be limited to a book containing advertisements upon its side margins. Such registers are novel, although city directories have been published before with advertisements interspersed.

4. The keeper of a hotel who keeps such a register is a user of the invention, and liable as such.

[This was a suit by Charles L. Hawes against John L. Cook and others for the infringement of letters patent No. 63,889, granted to plaintiff April 16, 1867, for an advertising hotel register.]

HUNT, Circuit Justice. This is a suit in equity for an infringement of a patent for an advertising hotel register obtained by the plaintiff. The plaintiff's patent is proved, and the use by the defendants of a register upon a similar plan is also proved. The defendants object to a recovery by the plaintiff on the following grounds: (1) That the structure described in the specifications of the plaintiff's patent is not a patentable invention. (2) That the claim of the plaintiff is limited by its terms to the display of advertisements on the margin of the leaves of the book. (3) That the defendants are not users of the invention within the meaning of the law of patents. (4) That the patentee could properly claim nothing more than a new design, and should have taken his patent for the design under the act of March 2, 1861 [12 Stat. 246], or else had the book copyrighted. (5) The city directories put in evidence showed a prior use of the invention, and this patent is therefore void.

The case of this plaintiff against Washburne [Case No. 6,242] was tried one year since before Judge Woodruff, at the June circuit. A copy of his charge and of the points made is before me. That suit was for a violation of the same patent, and the facts in

evidence were the same as in this suit. Judge Woodruff had before him the precise objections that are now made, overruled each of them, held the patent to be good, and, under his charge, the jury found for the plaintiff. This furnishes an authority which is obligatory on me at the circuit, and, considering which, I find no difficulty in holding that the plaintiff must recover in this suit. Let a decree be entered for the plaintiff, with the usual order of reference to ascertain damages.

NOTE. It will be observed that the presiding judge, without expressing any opinion upon the merits of the case, placed his decision upon the ground that the court were bound by the rulings in the case of Hawes v. Washburne [supra], which was upon the same patent, and involved nearly the same questions.
[For other cases involving this patent, see note to Hawes v. Antisdel, Case No. 6,234.]